

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DC 20005
+1 202 736 8000

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8018
EMCARTHUR@SIDLEY.COM

July 8, 2024

**By CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals
For the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

　　　　Re:　　Case No. 23-40605, *Tex. Med. Ass'n v. HHS*

Dear Mr. Cayce:

　　Pursuant to Rule 28(j), I write to respond to the Departments' letter regarding *Loper Bright Enterprises v. Raimondo*, 603 U.S. —, 2024 WL 3208360 (June 28, 2024), which overruled the deference doctrine of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

　　The Departments did not clearly request *Chevron* deference here. TMA Br. 31 n.7. The Departments disagree, Resp. Br. 4 n.1, insisting that they cited *Cuozzo Speed Technologies, LLC v. Lee*, 579 U.S. 261 (2016)—the Supreme Court's "most recent" decision applying *Chevron*, *Loper Bright* at *19—and *Easom v. U.S. Well Services, Inc.*, 37 F.4th 238 (5th Cir. 2022), in which this Court, applying *Chevron*, gave an agency regulation "controlling weight." Whether the Departments forfeited *Chevron* or not, one thing is now clear: courts may no longer "afford *binding* deference to agency interpretations." *Loper Bright* at *15. Instead, the Court must "exercise [its] independent judgment in deciding whether [the Departments have] acted within [their] statutory authority." *Id.* at *22.

　　That is so even when "the best reading of a statute is that it delegates discretionary authority to an agency." *Id.* at *14. Even then, a court must still "independently interpret the statute" to "fix the boundaries of the delegated authority" and "ensur[e] the agency has" acted "within those boundaries." *Id.* (cleaned up). The NSA delegates authority to the Departments to establish a QPA calculation methodology and a disclosure rule. 42 U.S.C. § 300gg-111(a)(2)(B)(i)–(ii); *see also* Departments' Letter at 1 (claiming "express delegations"). But the Departments' QPA calculation rule defies the NSA's command to use rates reflecting the "total maximum payment" for services that are "provided," and their disclosure rule undermines the NSA's complaint and dispute

# SIDLEY

Lyle W. Cayce
July 8, 2024
Page 2

resolution processes. TMA Br. 31–43, 54–56. In each respect, the Departments' rules exceed the boundaries of the authority Congress delegated to them in the NSA. To the extent there was any doubt before *Loper Bright*, it is now clear that in assessing these issues, this Court must exercise its "independent judgment" based on the statute's text, structure, history, and purpose—without deference to the agencies' views.

Respectfully submitted,

/s/ *Eric D. McArthur*

Eric D. McArthur
Sidley Austin LLP
1501 K Street, NW
Washington, D.C. 20005
(202) 736-8018
emcarthur@sidley.com

*Counsel for Appellees Texas Medical Association, Tyler Regional Hospital, L.L.C., and Doctor Adam Corley*

cc: All counsel of record by CM/ECF