**SIDLEY**

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DC 20005
+1 202 736 8000

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8018
EMCARTHUR@SIDLEY.COM

July 8, 2024

**By CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals
For the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    Re:    Case No. 23-40605, *Tex. Med. Ass'n v. HHS*

Dear Mr. Cayce:

    Pursuant to Rule 28(j), I write regarding *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. —, 2024 WL 3237691 (July 1, 2024), which supports plaintiffs' argument that the Administrative Procedure Act (APA) authorizes the vacatur remedy.

    The Departments' opening brief asserts (at 47) that the APA does not empower courts to vacate unlawful agency regulations, instead limiting plaintiffs to "traditional equitable remedies like injunctions." Plaintiffs explained (at 59–61) that the Departments' view is not only foreclosed by Circuit precedent, but also ignores the APA's text, which directs courts to "set aside" unlawful agency action, and which reflects a settled historical understanding of the vacatur remedy.

    Justice Kavanaugh's *Corner Post* concurrence supports plaintiffs' position. He begins with the APA's text: "When Congress enacted the APA in 1946, the phrase 'set aside' meant 'cancel, annul, or revoke.'" *Corner Post* at *16 (Kavanaugh, J., concurring) (quoting Black's Law Dictionary 1612 (3d ed. 1933)). Giving "set aside" that meaning also makes sense in light of the historical context: when the APA was enacted, "most administrative activity was adjudicative," *id.* at *9 n.4 (majority op.); "set[ting] aside" an agency order, meanwhile, looks "much" like when "an appellate court vacates the judgment of a trial court," *id.* at *17 (Kavanaugh, J., concurring). And because the APA's text "prescribes the same 'set aside' remedy for" all agency actions, "successful challenges to agency rules must award the same remedy": vacatur. *Id.*

    That reading of the APA, Justice Kavanaugh explains, is consistent with "countless decisions" of the Supreme Court and the D.C. Circuit that have awarded vacatur. *Id.* And making vacatur unavailable, he warns, would "terminate entire classes of administrative litigation,"

# SIDLEY

Lyle W. Cayce
July 8, 2024
Page 2

"insulat[ing] many agency rules from meaningful judicial review." *Id.* at *18–20. Ultimately, Justice Kavanaugh concludes that the Government's "crusade against vacatur"—the same campaign the Departments wage in this case—would "leav[e] administrative agencies with extraordinary new power to issue rules free from potential suits by unregulated but adversely affected parties." *Id.* at *23. This Court should reject the Departments' invitation to "fundamentally reshape administrative law." *Id.*

                                            Respectfully submitted,

                                            /s/ *Eric D. McArthur*

                                            Eric D. McArthur
                                            Sidley Austin LLP
                                            1501 K Street, NW
                                            Washington, D.C. 20005
                                            (202) 736-8018
                                            emcarthur@sidley.com

                                            *Counsel for Appellees Texas Medical Association, Tyler Regional Hospital, L.L.C., and Doctor Adam Corley*

cc: All counsel of record by CM/ECF