SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6022
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

———

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
———

SUITE 950
1901 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
———

SUITE 3800
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3000
(206) 516-3880
———

Steven Shepard
Direct Dial (212) 729-2010

E-Mail SShepard@susmangodfrey.com

July 9, 2024

**By CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

     Re:    Case No. 23-40605, *Tex. Med. Ass'n et al. v. HHS et al.*

Dear Mr. Cayce:

     Pursuant to Rule 28(j), I write to respond to the Departments' letter regarding *Loper Bright Enterprises v. Raimondo*, 603 U.S. —, 2024 WL 3208360 (June 28, 2024), which overruled the deference doctrine of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

     *Loper* makes clear that courts may no longer "afford *binding* deference to agency interpretations." *Loper Bright* at *15. Instead, the Court must "exercise [its] independent judgment in deciding whether [the Departments have] acted within [their] statutory authority." *Id.* at *22. This is true even when "the best reading of a statute is that it delegates discretionary authority to an agency." *Id.* at *14. Even then, a court must still "independently interpret the statute" to "fix the boundaries of the delegated authority" and "ensur[e] the agency has" acted "within those boundaries." *Id.* (cleaned up).

     The NSA delegates authority to the Departments to establish a QPA calculation methodology. 42 U.S.C. § 300gg-111(a)(2)(B)(i)–(ii); *see also* Departments' Letter at 1 (claiming "express delegations"). But the Departments' QPA calculation rule defies the NSA's command to calculate the QPA as "the median of the *contracted rates* recognized by the plan or issuer." 42 U.S.C. § 300gg-111(a)(3)(E) (emphasis added). Single-case agreements are "contracts," and the case-specific rates that they set are "contracted rates" under the plain

July 9, 2024
Page 2

language of the statute. The Departments' rules for calculating the QPA exclude these "contracted rates" and therefore exceed the boundaries of the authority delegated by Congress. *See* Br. of LifeNet, Inc. *et al.*, Doc. No. 75-1 (Mar. 13, 2024), at 21-42.

The NSA does *not* delegate authority to the Departments to alter the critical deadline by which the plan or issuer must send its "initial payment" or "notice of denial of payment" to the provider. *Id.* at 54-56. The statute says that the plan or issuer must do this within 30 calendar days after the provider "transmit[s]" its "bill" to the plan or issuer. *Id.* at 46-53. The Court's decision in *Loper* makes clear that the Departments' interpretation of this statutory text is not entitled to binding deference.

Respectfully,

Sincerely,

*/s/ Steven M. Shepard*
Steven M. Shepard

**Counsel for Plaintiffs-Appellees-Cross-Appellants LifeNet, Inc. and East Texas Air One, LLC**

*/s/ David Alan King*
David Alan King
*Lead Counsel*
Joshua D. Arters
Polsinelli PC
501 Commerce Street, Suite 1300
Nashville, TN 37203
Tel: (615) 259-1510
Fax: (615) 259-1573
Email: dking@polsinelli.com

**Counsel for Plaintiffs-Appellees-Cross-Appellants, Air Methods Corporation and Rocky Mountain Holdings, LLC**

cc:     All Counsel (via ECF)