

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DC 20005
+1 202 736 8000

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8018
EMCARTHUR@SIDLEY.COM

August 6, 2024

**By CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals
For the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    Re:    Case No. 23-40605, *Tex. Med. Ass'n v. HHS*

Dear Mr. Cayce:

    Pursuant to Rule 28(j), I write regarding *Texas Medical Ass'n v. HHS*, 2024 WL 3633795 (5th Cir. Aug. 2, 2024) (*TMA*), which affirmed plaintiffs' victory in another dispute over the Departments' implementation of the No Surprises Act (NSA).

    While the current case focuses on the Departments' rules for calculating the qualifying payment amount (QPA), *TMA* addressed the Departments' rule that "place[d] a thumb on the scale in favor of the insurer-determined QPA" during independent dispute resolution (IDR). *Id.* at *10. This Court held that the "Rule exceeds the Departments' authority because it imposes … extrastatutory requirements on arbitrators." *Id.* at *9. The Court also affirmed the district court's universal vacatur of the rule. *Id.* at *11–12.

    *TMA* supports plaintiffs' arguments here in at least two ways. First, the Court rejected the Departments' attempt to "distort the statutory scheme" in a way that favored QPAs during IDR, thereby systematically lowering payments to healthcare providers. *Id.* at *10. The QPA-calculation rules at issue here similarly depart from the NSA's plain text and artificially depress QPAs, to the detriment of providers in IDR. Neither half of the Departments' strategy to reduce provider reimbursement—first artificially depressing QPAs, then requiring arbitrators to skew toward QPAs in IDR—can be reconciled with the NSA's text and structure.

    Second, *TMA* rejected remedial arguments identical to those pressed by the Departments here. The Departments argue that the APA does not authorize vacatur, but *TMA* recognized that "[b]inding Fifth Circuit precedent recognizes this remedy." *Id.* at *11. Similarly, the Departments argue for remand without vacatur, but *TMA* reaffirmed that "remand without vacatur is available

# SIDLEY

Lyle W. Cayce
August 6, 2024
Page 2

only rarely," and is not available where, as here, "the Departments do not explain how they could correct the [challenged rule's] conflicts with the Act on remand." *Id.* at \*12. Finally, the Departments contend that relief should be limited to plaintiffs, but *TMA* rejected that argument for reasons that apply equally here: "In addition to being statutorily permissible, and required in this circuit, universal vacatur is appropriate here, because a party-specific injunction would thwart the uniformity and predictability of the arbitration process." *Id.*

        Respectfully submitted,

        /s/ *Eric D. McArthur*

        Eric D. McArthur
        Sidley Austin LLP
        1501 K Street, NW
        Washington, D.C. 20005
        (202) 736-8018
        emcarthur@sidley.com

        *Counsel for Appellees Texas Medical Association, Tyler Regional Hospital, L.L.C., and Doctor Adam Corley*

cc: All counsel of record by CM/ECF