

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

August 8, 2024

**By ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *Texas Medical Association v. HHS*, No. 23-40605

Dear Mr. Cayce:

Pursuant to FRAP 28(j), we respond to plaintiffs' August 6, 2024, letter addressing the Court's decision in *Texas Medical Association v. HHS* ("*TMA II*"), No. 23-40217, 2024 WL 3633795 (5th Cir. Aug. 2, 2024).

In *TMA II*, this Court held that the Departments exceeded their statutory authority under the No Suprises Act in promulgating regulations governing arbitrators conducting adjudications under the Act. The Court concluded that the Act's directive to the Departments to "establish by regulation one independent dispute resolution process," 42 U.S.C. § 300gg-111(c)(2)(A), conferred "purely administrative authority." *TMA II*, 2024 WL 3633795, at *7. And the Court held that the challenged provisions, relating to the manner in which arbitrators should consider the QPA and certain other statutorily specified factors, were inconsistent with the statutory scheme established by Congress. *Id.* at *9-*11. The Court also concluded that the district court's nationwide vacatur of the challenged provisions was appropriate. *Id.* at *11-*12.

As explained in the government's briefs in this case, this appeal concerns regulations issued under distinct grants of rulemaking authority, including the Departments' authority to "establish through rulemaking . . . the methodology" that plans "shall use to determine the qualifying payment amount," 42 U.S.C. § 300gg-111(a)(2)(B)(i), and the challenged provisions are fully consistent with

the No Surprises Act.  *See* Opening Br. 26-47; Response and Reply Br. 3-33, 36-43.  The government's briefs also explained why nationwide vacatur is inappropriate in this case, including because it resulted in the effective nullification of the judgment of another district court rejecting a challenge to one of the same provisions invalidated by the district court here.  Opening Br. 47-50; Response and Reply Br. 33-36.  For those reasons and the other reasons given in the government's briefs, the district court erred in concluding that four provisions of the Departments' rule were invalid and issuing a nationwide vacatur.

    Sincerely,

    JOSHUA M. SALZMAN

    *s/ Leif Overvold*
    LEIF OVERVOLD
    KEVIN B. SOTER
      *Attorneys, Appellate Staff*
      *Civil Division, Room 7226*
      *U.S. Department of Justice*
      *950 Pennsylvania Avenue NW*
      *Washington, DC 20530*
      *(202) 305-1754*
      *leif.overvold2@usdoj.gov*

cc:    All counsel (via CM/ECF)