IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

TEXAS MEDICAL ASSOCIATION, *et al.*,

    Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, *et al.*,

    Defendants-Appellants.

No. 23-40605

**JOINT MOTION TO RESET EN BANC BRIEFING SCHEDULE**

The parties respectfully request an order resetting the en banc briefing schedule to omit a deadline for an unnecessary cross-appeal brief and revise other deadlines, including a 7-day extension of the current deadline of July 14, 2025, to July 21, 2025, for the government's opening en banc brief.

In support of this motion, the parties state the following:

1. This litigation concerns a variety of regulations issued to implement the No Surprises Act. On October 30, 2024, a panel of the Court issued a decision. On December 16, 2024, plaintiffs-appellees filed a petition for rehearing en banc. On January 17, 2025, defendants-appellants filed a response to plaintiffs' petition. On May 30, 2025, the Court issued an order

granting rehearing en banc of the panel's decision. That order vacated the panel opinion and set a schedule with four briefing deadlines, consistent with the briefing at the panel stage and the rules that apply when a cross-appeal is filed. *See* Fed. R. App. P. 28.1. The government has previously obtained one 14-day extension of the deadline for its opening en banc brief, which is currently due July 14, 2025.

2. The Court has issued a notice tentatively calendaring the en banc oral argument for the week of September 22, 2025.

3. The parties have conferred about the scope of the issues they intend to address in their en banc briefs and have reached an agreement that should render one of the four briefs contemplated by the existing schedule unnecessary. The government will not continue pressing its challenge to the district court's conclusion that a regulatory provision implementing a statutory deadline is inconsistent with the statute, *see* Panel Op. 15-17, except to the extent the district court granted universal vacatur as a remedy. On that understanding, plaintiffs-appellees will not continue pressing their challenge to the portion of the district court's decision upholding the regulatory disclosure requirements plaintiffs-appellees had challenged. *See* Panel Op. 17-20. This was the only aspect of the case at the panel stage where plaintiffs-appellees had requested reversal of the district court.

The parties have agreed that no further action is necessary from this Court with regard to these two issues. Absent further action from this Court, the district court's decision will be left in effect as to these two issues because the panel opinion affirming these rulings has since been vacated.

Because plaintiffs-appellees do not intend to press their prior argument for reversal of the district court's judgment, it appears to the parties that only three en banc briefs are warranted. *See* Fed. R. App. P. 28(a)-(c). Additionally, the government maintains that a further 7-day extension for the government's opening brief would help ensure sufficient time for counsel to coordinate review with interested agencies and components of the federal government. This includes consultation with officials who have joined the government since defendants' prior briefing and argument in this matter.

To ensure that the parties have adequate time to prepare these briefs and that briefing is complete in this Court without undue delay, the parties have agreed to request that the Court enter the following briefing schedule:

- Defendants' principal en banc brief due on July 21, 2025.
- Plaintiffs' principal en banc brief due on August 20, 2025.
- Defendants' reply brief due on September 10, 2025.

Respectfully submitted,

COURTNEY L. DIXON

*/s/ Kevin B. Soter*
KEVIN B. SOTER
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave. NW
  Room 7222
  Washington, D.C. 20530
  (202) 514-3602

*Counsel for Defendants-Appellants*

*/s/ Jillian Stonecipher*
JILLIAN STONECIPHER
CODY M. AKINS
  Sidley Austin LLP
  1501 K Street, NW
  Washington, DC 20005
  (202) 736-8000
  jstonecipher@sidley.com

JAIME L.M. JONES
  Sidley Austin LLP
  One South Dearborn
  Chicago, IL 60603
  (312) 853-0751
  Jaime.jones@sidley.com

*Counsel for Plaintiffs-Appellees Texas Medical Association, Tyler Regional Hospital, LLC, and Doctor Adam Corley*

STEVEN M. SHEPARD
STEPHEN SHACKELFORD, JR.
MAX ISAAC STRAUS
JAMES CRAIG SMYSER

4

        Susman Godfrey LLP
        One Manhattan West, Fl. 50
        New York, NY 10001
        (212) 336-8330
        sshepard@susmangodfrey.com

*Counsel for Plaintiffs-Appellees LifeNet, Inc. and East Texas Air One, LLC*

JOSHUA D. ARTERS
DAVID A. KING
    Polsinelli PC
    501 Commerce Street, Suite 1300
    Nashville, TN 37203
    (615) 252-3923
    jarters@polsinelli.com

*Counsel for Plaintiffs-Appellees Air Methods Corporation and Rocky Mountain Holdings, LLC*

JULY 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Calisto MT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 552 words, according to the count of Microsoft Word.

/s/ *Kevin B. Soter*
KEVIN B. SOTER