# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| TEXAS MEDICAL ASSOCIATION, ET AL., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL., <br><br> Defendants-Appellants. <br><br> LIFENET INCORPORATED, ET AL., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL., <br><br> Defendants-Appellants. | Case No. 23-40605 |

**JOINT CONSENT MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS BY JANUARY 23, 2026**

Plaintiffs-Appellees ("Plaintiffs") in the above-captioned cases respectfully move for leave to file, by January 23, 2026, supplemental letter briefs as required by the Court's December 12, 2025, order. The Defendants-Appellants ("the Departments") consent to this motion. In support of this motion, Plaintiffs state:

1. On December 12, 2025, the Court requested that all parties simultaneously file supplemental letter briefs "on or before January 2, 202[6]." Dkt. 319. The Court stated: "No responses or replies will be permitted." *Id.*

2. Counsel for the Departments contacted counsel for Plaintiffs seeking Plaintiffs' consent to a motion seeking to extend the deadline for "the parties' simultaneous supplemental briefs." Ex. A. On the understanding that the motion would seek an extension of the deadline of *all parties*' simultaneous briefs, Plaintiffs consented to the motion. *See id.*

3. Accordingly, on December 17, 2025, the Departments filed a motion entitled "Consent Motion for 21-Day Extension of Time to File Supplemental En Banc *Briefs*." Dkt. 323 (emphasis added). The relief requested by that motion was "a 21-day extension of time, to and including January 23, 2026, to the deadline for *simultaneous* supplemental en banc *briefs*." *Id.* at 1 (emphasis added). The motion noted that "Plaintiffs consent to this motion." *Id.*

4. Thus, the Departments did not seek—and Plaintiffs would *not* have consented to—an extension of only the Departments' deadline to file

the simultaneous briefs the Court ordered. Such an extension would have transformed the schedule ordered by the Court from one in which the parties filed simultaneous briefs, with "[n]o responses or replies … permitted," Dkt. 319, to one in which the Departments (but not the Plaintiffs) were permitted a response. Given that the Court ordered the parties to file simultaneous briefs, permitting the Departments an extension without permitting Plaintiffs the same extension would have prejudiced Plaintiffs. *See, e.g.*, *Constant Compliance, Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 598 F. Supp. 2d 842, 845 (N.D. Ill. 2009) (observing that "simultaneous submission[s] … avoid prejudicing either party").

5. On December 23, 2025, the Court granted the Departments' motion. *See* Dkt. 332. The signed order stated: "IT IS ORDERED that Appellants/Cross-Appellees' unopposed motion for an extension of 21 days, or, to and including January 23, 2026 to file the supplemental brief for rehearing en banc is GRANTED." *Id.*

6. Counsel for Plaintiffs understood the Court's order to grant in full the Departments' motion, including because the motion was "GRANTED" without qualification and because the granted motion

3

requested that the deadline for the parties to file "simultaneous ... briefs" be extended to January 23, 2026.

7. Based on that understanding, Plaintiffs are in the process of finalizing their letter briefs responding to the Court's questions in the December 12, 2025, order, with the intent of filing their briefs simultaneously with the Departments' brief, on January 23, 2026.

8. On January 14, 2026, Plaintiffs' counsel received emails from the Clerk's Office for the Court inquiring about the status of Plaintiffs' letter briefs and stating that the Court's extension order applied only to the Departments, not to Plaintiffs. The Clerk's Office further stated that Plaintiffs would need to file a motion to file their letter briefs out of time. That is the basis for this motion.

9. Good cause exists to permit Plaintiffs to file their supplemental letter briefs by or on January 23, 2026. Plaintiffs respectfully submit that they reasonably understood the Departments to have already moved for an extension of the simultaneous deadline to that date for all parties, and that Plaintiffs reasonably understood the Court to have granted that extension when it granted the Departments' motion.

10. Further, the Departments will not be prejudiced by simultaneous filings on January 23, 2026. The Court ordered simultaneous filings without responses or replies, and the Departments themselves expressly requested that the deadline "for *simultaneous* supplemental en banc *briefs*" be extended to January 23, 2026. On the other hand, denying this motion would substantially prejudice Plaintiffs by denying them an opportunity to be heard on issues on which the Court has requested their input.

11. Finally, permitting all parties to file on January 23, 2026, would not delay the proceedings, as the Departments are already filing their supplemental letter brief on that date.

12. Counsel for the Departments has represented that the Departments consent to this motion.

For these reasons, the Court should grant leave for Plaintiffs to file their supplemental letter briefs by or on January 23, 2026.

| /s/ *Steven Shepard* | /s/ *Jillian Sheridan Stonecipher* |
|---|---|
| STEVEN SHEPARD | JILLIAN SHERIDAN STONECIPHER |
|   *Counsel of Record* |   *Counsel of Record* |
| STEPHEN SCHACKELFORD, JR. | MADELEINE JOSEPH |
| MAX ISAAC STRAUS | CODY M. AKINS |
| JAMES CRAIG SMYSER | SIDLEY AUSTIN LLP |
| SUSMAN GODFREY LLP | 1501 K Street, NW |
| One Manhattan West, | Washington, DC 20005 |

---

  50th Floor
New York, New York 10001
Tel: (212) 336-8330
Fax: (202) 336-8340
sshepard@susmangodfrey.com

*Counsel for LifeNet, Inc. and East Texas Air One, LLC*

/s/ *Joshua D. Arters*
JOSHUA D. ARTERS
  *Counsel of Record*
DAVID A. KING
POLSINELLI PC
501 Commerce Street, Suite 1300
Nashville, TN 37203
(615) 252-3923
jarters@polsinelli.com

*Counsel for Air Methods Corporation and Rocky Mountain Holdings, LLC*

Tel: (202) 736-8000
Fax: (202) 736-8011
jstonecipher@sidley.com

JAIME L.M. JONES
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-0751
Fax: (312) 853-7036
jaime.jones@sidley.com

*Counsel for Texas Medical Association, Tyler Regional Hospital LLC, and Dr. Adam Corley*

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font. It complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 740 words, excluding the sections listed in Rule 32(f).

*/s/Jillian Sheridan Stonecipher*
Jillian Sheridan Stonecipher

## CERTIFICATE OF SERVICE

I certify that on January 14, 2026, I electronically filed this document with the Clerk of the Court using the CM/ECF System, which will send notice to all registered CM/ECF users.

*/s/Jillian Sheridan Stonecipher*
Jillian Sheridan Stonecipher
