

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Avenue NW
Washington, DC 20530

April 24, 2026

**By ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    *Texas Medical Association v. HHS*, No. 23-40605 (en banc argument held
            September 24, 2025)

Dear Mr. Cayce:

We write in response to plaintiffs' recent letter regarding the April 1 document titled "FAQ About Consolidated Appropriations Act, 2021 Implementation Part 73," available at https://www.cms.gov/files/document/faqs-part-73.pdf. As plaintiffs note, that document explains that the Departments of Health and Human Services, Labor, and the Treasury are extending their exercise of enforcement discretion for any plan, issuer, or provider who use qualifying payment amounts (QPAs) calculated in accordance with the methodology as set forth by the interim final rules challenged in this case for items and services furnished before October 1, 2026.

Plaintiffs argue that this action by the Departments "continues to show that vacatur" of the regulations at issue here "has not caused and will not cause" undue disruption. Pltf. 28(j) Letter at 1. But as noted in prior briefing, the district court's order purporting to require universal changes to the QPA methodology is plainly unduly disruptive, regardless of the Departments' exercise of enforcement discretion during the pendency of this appeal. En Banc Reply Br. 43. The amicus brief filed by America's Health Insurance Plans estimates that "the total cost for initial QPA calculation likely exceeded $1.7 billion" and explains that, if the district court's remedy is affirmed, "health plans will be required to start that process anew, except that the time and cost required will be substantially greater." *See* America's Health Ins. Plans Amicus Br. 24-25. Those costs could ultimately be passed along to insured consumers in the form of

higher premiums, frustrating Congress's goal of protecting patients and lowering health care costs. *See* H.R. Rep. No. 116-615, pt. 1, at 55, 57 n.48 (ROA.936, 938).

In short, enforcement discretion has temporarily deferred some of the substantial costs associated with the district court's remedy. Plaintiffs do not suggest that those costs would never be incurred if that remedy were affirmed. Indeed, plaintiffs' stake in this litigation hinges on their desire for the higher QPAs that would generally result from the burdensome recalculations they believe to be necessary.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

JAY R. COMBS
  *Acting United States Attorney*

AUGUST FLENTJE

 *s/ Kevin B. Soter*

KEVIN B. SOTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7222*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*
  *kevin.b.soter@usdoj.gov*

# CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.  Service will be accomplished by the appellate CM/ECF system.

*s/ Kevin B. Soter*
Kevin B. Soter